IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTEN PENISTA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19CV277 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| CJ FOODS INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff makes no factual allegations. Rather, she states that the basis for federal jurisdiction in this case is "EEOC (Investigator Joseph Wilson)"; she is entitled to relief because of "NEOC & EEOC Findings Title VII of the Civil Rights Act ADEA"; the factual basis for her claim is "ADEA"; and the relief she seeks is "My Lively Hood." (Filing No. 1 at CM/ECF pp. 3-4.) Attached to Plaintiff's Complaint is an April 1, 2019, Determination from the Nebraska Equal Opportunity Commission of "no reasonable cause." (Filing No. 1 at CM/ECF p. 8.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff apparently attempts to bring a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (Westlaw 2019), which restricts employers that are engaged in an industry affecting commerce, and that employ 20 or more employees, from discriminating against employees who are 40 years of age or older with respect to their "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (Westlaw 2019). "In order to establish a prima facie case under the Age Discrimination in Employment Act (ADEA), a plaintiff must show: (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action;

and (4) substantially younger, similarly situated employees were treated more favorably." *Faulkner v. Douglas Cty. Nebraska*, 906 F.3d 728, 734 (8th Cir. 2018).

Plaintiff may also intend to allege a discrimination or retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Westlaw 2019). If she wishes to bring a discrimination claim, she must allege facts showing she "(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) [suffered] under circumstances permitting an inference of discrimination." *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1068 (8th Cir. 2017) (internal quotation marks and citation omitted). If Plaintiff wants to assert a retaliation claim, she must allege facts showing "(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *Id*. (internal quotation marks and citation omitted).

The court has reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard because she alleges no facts whatsoever.

The court will provide Plaintiff with an opportunity to file **ONE** amended

complaint that supersedes[1] all others and that alleges **facts** establishing each element of her claims against the Defendant, as explained above. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1.     Plaintiff shall file an amended complaint by August 2, 2019, that states a claim upon which relief may be granted. Plaintiff's amended complaint will supersede all others. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 2, 2019—amended complaint due.

DATED this 3rd day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1]In other words, the court will conduct further review of Plaintiff's amended complaint ONLY and will not consider Plaintiff's original Complaint or any unsolicited "Supplements."