IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KRISTEN LYNN PENISKA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:19CV277 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| CJ FOODS INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, who is proceeding in forma pauperis, has filed an Amended Complaint (Filing 8) in response to this court's Memorandum and Order (Filing 6) after initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2). The court's Memorandum and Order directed that Plaintiff allege facts describing the nature of what she characterized as a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (Westlaw 2019).

## I. FACTUAL ALLEGATIONS

Plaintiff alleges that she is a 53-year-old Native American woman who was the oldest employee, and the only woman, in her warehouse position at CJ Foods Inc. She alleges that despite having seniority and performing a two-person job by herself, she earned less than other co-workers who had less seniority. Plaintiff claims she earned $11.97 per hour, while one employee she trained made $12.60 hourly. Attached to Plaintiff's Complaint are purported statements from co-workers who claim Plaintiff was the only female in her work area, Plaintiff performed a fast-paced two-person job by herself, and Plaintiff earned less pay than anyone else. One presumably male co-worker alleges that he received a $14.00 hourly starting wage, while Plaintiff was only making "[$]11.50 or so" after 4 1/2 years of service. (Filing 8 at CM/ECF p. 10.) Plaintiff claims that her work situation resulted in anxiety, for which she now takes prescription medication.

Plaintiff states that she was transferred to the night shift after working days for four years, and that she received numerous disciplinary "write-ups" for job-performance issues on the night shift, which she had never before received. (Filing 8 at CM/ECF p. 5.) Plaintiff does not allege why or when she was transferred to the night shift.

Plaintiff also alleges that she filed complaints with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission, and these agencies spent a year investigating the matter. It is not clear if, or when, this investigation was completed and whether Plaintiff's lawsuit in this court was timely filed. *See* 42 U.S.C. § 2000e-5(f)(1) (charging party has 90 days from receipt of right-to-sue notice to file civil complaint based on charge of discrimination). In this court, Plaintiff seeks monetary damages "for doing a 2 person job & for equal pay as well as age discrimination." (Filing 8 at CM/ECF p. 3.)

## II. DISCUSSION

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here seeks to assert claims for age and sex discrimination and retaliation. A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie

2

case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

**A. Equal Pay Acts**

Plaintiff first appears to be asserting a claim under the federal Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and the Nebraska Equal Pay Act, Neb. Rev. Stat. § 48-1221 ("NEPA"). Courts analyze NEPA claims under the same standards as federal EPA claims. *See Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1027 (8th Cir. 2002).

The EPA, with certain exceptions, prohibits employers from discriminating against employees on the basis of sex with respect to wages paid for equal work performed under similar working conditions. The EPA, which is part of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, provides:

> No employer having employees subject to [the minimum wage provisions of the Fair Labor Standards Act] shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a

3

seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1).

> To establish a claim of sex-based wage discrimination under the Equal Pay Act or [NEPA] a plaintiff must show by a preponderance of the evidence that (1) she was paid less than a male employed in the same establishment, (2) for equal work on jobs requiring equal skill, effort, and responsibility, (3) which were performed under similar working conditions.

*Heisler v. Nationwide Mut. Ins. Co.*, No. 18-1588, __ F.3d __, 2019 WL 3417277, at *5 (8th Cir. July 30, 2019) (internal quotation marks and citations omitted).

Here, Plaintiff does not allege facts indicating whether she performs a job of equal skill, effort, and responsibility as compared with those employees who receive a higher wage; whether she and those earning a higher wage perform their jobs under similar working conditions; and whether the employees earning a higher wage are male. As such, Plaintiff has failed to state a plausible Equal Pay Act claim upon which relief may be granted. However, on the court's own motion, the court will provide Plaintiff with another opportunity to amend her Complaint to sufficiently allege an EPA/NEPA claim against the Defendant.

**B. Age Discrimination Acts**

Plaintiff's allegations also suggest claims for discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (Westlaw 2019), and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001 to 48-1010 (Westlaw 2019).[1]

---

[1]The NADEA is interpreted in conformity with the ADEA. *See Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002).

*1. Discrimination*

The ADEA restricts employers that are engaged in an industry affecting commerce, and that employ 20 or more employees, from discriminating against employees who are 40 years of age or older with respect to their "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The NADEA offers similar protection. *See* Neb. Rev. Stat. § 48-1004(1)(a). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

To establish a prima facie case of age-based wage discrimination, the Plaintiff must show: "(1) [s]he is over 40; (2) [s]he was qualified for the position; (3) [s]he suffered an adverse employment action; and (4) substantially younger, similarly-situated employees were treated more favorably." *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012). "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). "At all times, [Plaintiff] retains the ultimate burden of persuasion that age was the but-for cause of [her] lesser salary." *Onyiah*, 684 F.3d at 719 (internal quotation marks and citations omitted).

As to the first two elements of her ADEA claim, Plaintiff has alleged that she is over 40, and it is plausible that Plaintiff was qualified for her position, as she worked for Defendant for over four years. However, Plaintiff does not allege facts relating to the third and fourth elements of her ADEA claim. She does not allege that she suffered an adverse employment action, which is defined as "a tangible change in working conditions that produces a material employment disadvantage. To be adverse[,] the action need not always involve termination or even a decrease in benefits or pay. However, not everything that makes an employee unhappy is an actionable adverse action." *Sellers v. Deere & Co.*, 791 F.3d 938, 942 (8th Cir. 2015)

(internal quotation marks and citation omitted). While Plaintiff alleges that she was transferred to the night shift at some point and received "write-ups" thereafter, she fails to allege whether that change materially disadvantaged her—such as resulting in a cut in pay, benefits, or seniority or a decline in her future career or promotion prospects. *Elliott v. Color-Box, LLC*, No. C03-1042, 2005 WL 174872, at *5 (N.D. Iowa Jan. 26, 2005) (shift change in ADEA case did not constitute materially adverse employment action when there was "no competent evidence in the record demonstrating that the shift change was meant to punish or humiliate the plaintiff" and when plaintiff did not know circumstances surrounding transfer of similarly situated supervisors); *Ryan v. O'Halloran Int'l, Inc.*, No. 4:03-CV-90531, 2004 WL 524431, at *3 (S.D. Iowa Mar. 17, 2004) (ADEA case; stating that adverse employment actions do not include minor or trivial acts such as "a bruised ego; demotion without change in pay, benefits, duties or prestige; and reassignment to a more inconvenient job") (citing *Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998)).

As to the fourth element of her ADEA claim, Plaintiff fails to allege facts indicating that her co-workers who are earning higher wages are substantially younger than she is, and that those co-workers are similarly situated to her in terms of job duties, responsibilities, and working conditions.

The court will provide Plaintiff with another opportunity to amend her Complaint to sufficiently allege an ADEA/NADEA discrimination claim against the Defendant. Plaintiff should be aware that besides including factual allegations already discussed, she must allege truthful facts indicating (and must eventually prove through evidence) that the reason she receives less pay than her co-workers is her age. *Tremaine v. Goodwill Indus., Inc.*, No. 8:16CV488, 2018 WL 2445538, at *7 (D. Neb. May 31, 2018) (fact that plaintiff was paid less than coworkers did not, by itself, "permit the inference that but for his age [the plaintiff] would have been paid a higher wage").

6

*2. Retaliation*

The ADEA also prohibits employers from retaliating against an employee "because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). To make out a retaliation claim under the ADEA, the Plaintiff must "show that she participated in a protected activity, that [Defendant] treated her in a manner that was materially adverse, and that there was a causal relationship between the two." *Betz v. Chertoff*, 578 F.3d 929, 937 (8th Cir. 2009).

"Protected activity" under the ADEA is conduct that "oppose[s] age discrimination," such as filing an EEOC charge challenging age discrimination. *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 615 (8th Cir. 2003). Here, Plaintiff alleges that she filed a complaint with the EEOC/NEOC, but it is not clear when she filed such a complaint; whether the complaint opposed age discrimination; whether her transfer to the night shift and her receipt of "write-ups" were related to the filing of the administrative complaint; and whether Plaintiff's transfer to the night shift and receipt of "write-ups" were "materially adverse," as defined above. Without such factual allegations, Plaintiff fails to state a plausible ADEA retaliation claim.

As with the claims discussed above, Plaintiff will be given leave to amend her Complaint to allege a plausible ADEA/NDEA retaliation claim.

**C. Title VII Sex Discrimination & Retaliation**

Plaintiff might also be asserting discrimination and retaliation claims on the basis of sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Westlaw 2019), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to -1126 (Westlaw 2019) ("NFEPA").

*1. Discrimination*

Title VII makes it unlawful for "an employer—(1) . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . . or (2) to limit . . . his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex. . . ." 42 U.S.C. § 2000e-2(a)(1) & (2). The NFEPA is patterned after Title VII, and Nebraska courts have looked to federal decisions in analyzing claims brought under the Nebraska act. *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1124 n.3 (8th Cir. 2017) ("We analyze discrimination claims under the NFEPA by applying the same analysis for discrimination claims under Title VII.").

To state a claim for sex discrimination, Plaintiff must allege that: "(1) she was a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) there are facts that give rise to an inference of unlawful gender discrimination." *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 878 (8th Cir. 2014) (internal quotation marks and citation omitted).

Here, Plaintiff alleges that she is a woman, a "protected class" for purposes of Title VII. *Tharp v. Iowa Dep't of Corr.*, 68 F.3d 223, 226 (8th Cir. 1995) (referring to the "protected class of women employees" in context of Title VII discussion); *Carter v. United Food & Commercial Workers, Local No. 789*, 963 F.2d 1078, 1082 (8th Cir. 1992) (women are "a 'protected class' under Title VII"). Plaintiff also alleges she was qualified to perform her job, as her Complaint states that she had worked for the Defendant more than four years at the time she filed her Complaint.

However, as is the case with the claims discussed above, Plaintiff does not allege facts indicating that she suffered an adverse employment action—that is, "a tangible change in working conditions that produces a material employment

disadvantage." *Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir. 2005). While "changes in employment that significantly affect an employee's future career prospects meet this standard," *id*., "'[m]ere inconvenience without any decrease in title, salary, or benefits' or that results only in minor changes in working conditions does not meet this standard." *Wedow v. City of Kan. City*, 442 F.3d 661, 671 (8th Cir. 2006) (quoting *Sallis*, 408 F.3d at 476).

Plaintiff also fails to allege any facts from which unlawful sex discrimination could be inferred, such as "more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011) (internal quotations and citations omitted).

Accordingly, Plaintiff has failed to state a sex-discrimination claim upon which relief may be granted, and Plaintiff will be given leave to amend her Complaint in order to state such a claim, provided that truthful facts exist to support it.

### 2. *Retaliation*

Plaintiff may also intend to allege a retaliation claim under Title VII and the NFEPA. Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated . . . in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a) (Westlaw 2019). The NFEPA similarly makes retaliatory action unlawful. Neb. Rev. Stat. § 48-1114 (Westlaw 2019).

> The "employee has the initial burden of establishing a prima facie case of retaliation by showing that (1) [he] engaged in protected conduct, (2) [he] suffered a materially adverse employment action, and (3) the adverse action was causally linked to the protected conduct." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011). The "ultimate question"

9

is "whether the employer's adverse action against the employee was motivated by retaliatory intent." *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quotation omitted).

*Rebouche v. Deere & Co.*, 786 F.3d 1083, 1088 (8th Cir. 2015).

As is the case with Plaintiff's retaliation claim based on her age, discussed above, Plaintiff alleges that she filed a complaint with the EEOC/NEOC[2], but it is not clear when she filed the complaint; whether the complaint opposed sex discrimination; whether her transfer to the night shift and her receipt of "write-ups" were related to the filing of the administrative complaint; and whether Plaintiff's transfer to the night shift and receipt of "write-ups" were "materially adverse."[3] Without such factual allegations, Plaintiff fails to state an Title VII retaliation claim.

Plaintiff will be given leave to amend her Complaint to allege a plausible Title VII retaliation claim.

### III. CONCLUSION

Plaintiff's Complaint states neither a plausible equal-pay claim, nor claims for

---

[2] Filing a complaint with the EEOC is protected conduct for purposes of a Title VII retaliation claim. *Zhuang v. Datacard Corp.*, 414 F.3d 849, 856 (8th Cir. 2005).

[3] In the Title VII context, a "materially adverse" employment action has been described as one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). A reassignment of job duties, while not automatically actionable, can be "materially adverse" depending upon the circumstances. *White*, 548 U.S. at 71 (jury could reasonably conclude that job reassignment was materially adverse to reasonable employee when job to which employee was reassigned was more arduous, dirtier, required fewer qualifications, and was considered less prestigious).

discrimination or retaliation based on age and sex. Further, Plaintiff has failed to allege that her Complaint in this court was filed within 90 days of her receipt of a right-to-sue notice issued by the Nebraska Equal Opportunity Commission or the Equal Employment Opportunity Commission. On its own motion, the court will grant Plaintiff leave to file a second amended complaint that sufficiently alleges a claim upon which relief may be granted and establishes that her Complaint in this court was timely filed. If Plaintiff fails to file a second amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until September 19, 2019, to file a second amended complaint that sufficiently alleges a claim upon which relief may be granted. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: September 19, 2019: Second Amended Complaint due.

DATED this 19th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge