IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTEN LYNN PENISKA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19CV277 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| CJ FOODS INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On August 19, 2019, the court gave the Plaintiff, who is proceeding pro se and in forma pauperis, an opportunity to file a second amended complaint to allege facts supporting her equal-pay, discrimination, and retaliation claims based on her age and sex and to establish that her Complaint in this court was filed within 90 days of her receipt of a right-to-sue notice issued by the Nebraska Equal Opportunity Commission or the Equal Employment Opportunity Commission. (Filing 9.) Pursuant to the court's discussion in its previous Memorandum and Order (Filing 9) regarding each of Plaintiff's claims and applying that discussion to Plaintiff's Second Amended Complaint (Filing 10), the court makes the following conclusions regarding whether Plaintiff's claims may proceed to service of process or whether they must be dismissed under 28 U.S.C. § 1915(e)(2)(B) (court must dismiss complaint or any portion of it that states frivolous or malicious claim, fails to state claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief).

### Claims Under Equal-Pay Acts

Plaintiff has adequately alleged claims under the federal Equal Pay Act, 29 U.S.C. § 206(d), and the Nebraska Equal Pay Act, Neb. Rev. Stat. § 48-1221, and such claims shall proceed to service of process.

## Age-Discrimination and Retaliation Claims

Plaintiff's claims based on age discrimination and retaliation must be dismissed for failure to exhaust such claims in her administrative complaint with the Nebraska Equal Opportunity Commission ("NEOC"). (Filing 10.) With her Second Amended Complaint filed in this court, Plaintiff has attached her NEOC complaint, which shows that Plaintiff's Complaint in this court was timely filed, but was limited to race and sex discrimination and retaliation. Specifically, the "age" box on the NEOC form was not checked, nor did Plaintiff include age-discrimination or retaliation allegations in the body of the complaint. Thus, Plaintiff's age-related claims may not be brought in this court, and these claims must be dismissed. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796 (8th Cir. 2011) (age discrimination and retaliation claims were unexhausted when EEOC claim mentioned only discrimination on basis of race and sex and boxes for age and retaliation discrimination were unchecked; "Since [the plaintiff's] charge does not allege any age discrimination or retaliation and these two types of discrimination are unrelated to race and sex discrimination, they remain unexhausted and were properly dismissed); *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (dismissing claims for failure to exhaust where plaintiff's EEOC charge left "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); *see also Brown v. Saul*, No. 4:18-CV-00617, 2019 WL 4861902, at *2 (W.D. Mo. Oct. 2, 2019) (pro se plaintiff failed to state Title VII claim upon which relief could be granted when plaintiff failed to exhaust administrative remedies by not alleging in agency complaint discrimination on basis of race, color, or sex); *Newkirk v. GKN Armstrong Wheels, Inc.*, 168 F. Supp. 3d 1174, 1188-89 (N.D. Iowa 2016) (plaintiff could not pursue racial discrimination claim in federal court when EEOC complaint was based on age discrimination and retaliation because plaintiff provided no notice to EEOC and employer that discrimination based on race was issue for investigation and conciliation efforts); *Favaloro v. BJC Healthcare*, No. 4:14-CV-284, 2015 WL 6531867, at *3 (E.D. Mo. Oct. 28, 2015) (dismissing disability discrimination claim

for failure to exhaust where plaintiff did not check box for "disability" and did not allege any disability discrimination in the "particulars" section of the charge).

### Title VII Sex-Discrimination & Retaliation Claims

Plaintiff's Second Amended Complaint states a claim for discrimination and retaliation based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to -1126, and such claims shall proceed to service of process.

### Other Claims Raised by Second Amended Complaint:
### Race Discrimination & Retaliation, Constructive Discharge

Despite the fact that the court instructed Plaintiff to file a Second Amended Complaint only as to discrimination and retaliation based on age and sex, Plaintiff has included additional factual allegations in her Second Amended Complaint and in the attached NEOC complaint, which, when combined, sufficiently allege claims for race[1] discrimination and retaliation and constructive discharge.[2] In the interests of justice, the court shall allow such claims to proceed to service of process.

IT IS ORDERED:

---

[1]Plaintiff alleges she performed the same job as all other warehouse workers—who were "Caucasion Males & she is Native American Indian woman"—yet Plaintiff had seniority, received less pay, and was required to do twice the work. (Filing 10 at CM/ECF pp. 9-10, 16.)

[2]"A claim of constructive discharge . . . has two basic elements." *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016). First, a "plaintiff must prove first that [s]he was discriminated against by h[er] employer to the point where a reasonable person in h[er] position would have felt compelled to resign." *Id*. Second, she must actually resign. *Id*.

1. The following claims shall proceed to service of process: (a) Plaintiff's **equal-pay** claim under the federal Equal Pay Act, 29 U.S.C. § 206(d) and the Nebraska Equal Pay Act, Neb. Rev. Stat. § 48-1221; (b) Plaintiff's claim for **discrimination and retaliation based on sex** under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to -1126; (c) Plaintiff's claim for **discrimination and retaliation based on race** under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to -1126; (d) and Plaintiff's claim for **constructive discharge**;

2. Plaintiff's discrimination and retaliation claims based on age under theAge Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. §§ 48-1001 to 48-1010, are dismissed for failure to exhaust such claims in her administrative complaint with the Nebraska Equal Opportunity Commission;

3. For service of process on Defendant C.J. Foods, Inc., the Clerk of Court is directed to complete three (3) summons forms and three (3) USM-285 forms for such Defendant using these addresses:

- C.J. Foods, Inc., 71045 Hwy. 50, Pawnee City, NE 68420

- Lynette Strathman, Registered Agent for C.J. Foods, Inc., 121 Main Street, Bern, KS 66408

- C.J. Foods, Inc., Bern Corporate Office, 322 Main Street, Bern, KS 66408

The Clerk of Court shall forward the summons forms and USM-285 forms together with three (3) copies of the Complaints (Filing Nos. 1, 8, 10) and three (3) copies of

this Memorandum and Order to the Marshals Service.[3] **The Marshals Service shall serve Defendant C.J. Foods, Inc., at the above-listed addresses** by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 7th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).